**Warren Earl JOHNSON, petitioner, Appellant,**

**v.**

**STATE of Minnesota and the Minnesota Corrections Board, Respondents.**

No. 50834.

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., and David L. Valentini, Sp. Asst. Atty. Gen., St. Paul, for respondents.

KELLY, Justice.

This is an appeal by Warren Earl Johnson, who was committed to the custody of the Youth Conservation Commission in 1974 for second-degree murder and aggravated robbery, from an order of the committing district court affirming the decision of the Minnesota Corrections Board refusing to discharge Johnson on his 25th birthday and transferring him from youth to adult status. The issue on appeal is whether the state met its burden of proving that an absolute discharge of Johnson would be "dangerous to the public" within the meaning of Minn.Stat. § 242.27 (1976). Holding that the state did meet its burden, we affirm.

Mr. Johnson was convicted in 1974 of second-degree murder and aggravated robbery for robbing and intentionally killing a cabdriver in Minneapolis, and he was committed by the district court to the custody of the Youth Conservation Commission. Under the Youth Conservation Act, since repealed (1977 Minn.Laws, ch. 392, § 14), the Minnesota Corrections Board, successor to the Youth Conservation Commission, met in 1979 to determine whether Mr. Johnson should be absolutely discharged or transferred to adult status to serve the balance of his sentence. The board's determination was that absolute discharge of Mr. Johnson at that time would be "dangerous to the public." The district court, after a de novo hearing, affirmed this determination. Our examination of the record satisfies us that the district court considered all the factors bearing on this issue and that its determination should be affirmed.

Affirmed.

OTIS, Justice (dissenting).

For the reasons set forth in the dissenting opinion of Mr. Justice Todd in *Tucker v. State,* 295 N.W.2d 508, (Minn.1980), I cannot agree that Minn.Stat. § 242.27 (1976) was intended to determine who is "dangerous to the public" by reference to the gravity of a prisoner's original offense. Nothing in the Youth Conservation Act suggests or

permits such an inference. That statute was intended to stress rehabilitation during the period of incarceration. One of its purposes was to furnish youthful offenders with an incentive to correct their behavioral problems while in a controlled environment. Where, as here, the process has succeeded, and the trial court has commended appellant for his excellent record in prison, in my opinion it is unjust and counterproductive to deprive appellant of the benefits the statute was designed to confer on him.

The decision of the Minnesota Corrections Board was based on the expressed opinion that an unsupervised discharge would depreciate the seriousness of the offense. The effect of that announced policy is to arbitrarily read out of the statute its application to all inmates guilty of serious offenses and read into the statute a requirement that in every such case continued supervision at the age of 25 is mandatory. However laudable this policy may be, it is not one which the legislature has seen fit to adopt. I would reverse.

WAHL, Justice.

I join the dissent of Mr. Justice Otis.

ROGOSHESKE, Justice.

While I share the views of my Brother Otis, I believe the disposition of this case is controlled by the majority opinion in *Tucker v. State.*

TODD, Justice.

I concur in the result because of the majority decision in *Tucker v. State,* 295 N.W.2d 508 (Minn.1980).